**RECEIVED**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAN 2 2 2002

MICHAEL W. DOBBINS, CLERK
UNITED STATES DISTRICT COURT

**DOCKETED**

JAN 2 4 2002

SHAWN EDWARDS

_____

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

STATES ATTORNEY'S

OFFICE

DONALD SNYDER DIRECTOR

ILLINOIS DEPT. OF CORR.

_____

_____

(Enter above the full name of ALL
defendants in this action.  Do not
use "et al.")

**02C  0562**

Case No: _____
(To be supplied by the Clerk of this Court)

**JUDGE CASTILLO**
**MAGISTRATE JUDGE BOBRICK**

CHECK ONE ONLY:

___X___    COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION
1983 U.S. Code (state, county, or municipal defendants)

_____    COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION),
TITLE 28 SECTION 1331(a) U.S. Code (federal defendants)

_____    OTHER (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING."  FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I.  **Plaintiff(s):**

A.  Name: __SHAWN EDWARDS__

B.  List all aliases: __NONE__

C.  Prisoner identification number: __B-54402__

D.  Place of present confinement: __DIXON CORRECTIONAL CENTER__

E.  Address: __2600 N. BRINTON,AVE. DIXON,IL. 61021__

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
(In A below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in B and C.)

A.  Defendant: __DONALD SNYDER__

Title: __DIRECTOR__

Place of Employment: __ILLINOIS DEPT. OF CORRECTIONS__

B.  Defendant: __RICHARD DEVINE__

Title: __STATES ATTORNEY__

Place of Employment: __ILLINOIS STATES ATTORNEY'S OFFICE__

C.  Defendant: _____

Title: _____

Place of Employment: _____

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

2

III.    **Exhaustion of Administrative Remedies**

You are required to exhaust all your available administrative remedies before bringing an action in federal court.

A.    Is there a grievance procedure available at your institution?

YES ( X )  NO (  )   If there is no grievance procedure, skip to F.

B.    Have you filed a grievance concerning the facts in this complaint?

YES ( X )  NO (  )

C.    If your answer is YES:

1.    What steps did you take?
ON ISSUE ONE, PLAINTIFF FILED A GRIEVANCE IN REGARDS TO HIS
M.S.R. TERM AND THE D.O.C.APPLYING UNWRITTEN POLICIES.

ALSO, TIME CREDIT THAT WAS TAKEN WHILE UNDER STATE SIEZURE.

2.    What was the result?                DENIED

3.    If the grievance was not resolved to your satisfaction, did you appeal?

What was the result (if there was no procedure for appeal, so state.)

DENIED AND STATED IT WAS A COURT ISSUE.

D.    If your answer is NO, explain why not:    N/A

3

E.  Is the grievance procedure now completed?   YES ( X )   NO (  )

F.  If there is no grievance procedure in the institution, did you complain to authorities?   YES ( X )   NO (  )

G.  If your answer is **YES**:

1.  What steps did you take?
    I COMPLAINED TO OUR COUNSELOR AND REQUESTED TO SEE THE

    HEAD COUNSELOR BUT WAS IGNORED AND TOTALY DISREGARDED

    ON THIS ISSUE.

2.  What was the result?   DENIED

H.  If your answer is **NO**, explain why not:   N/A

4

IV. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court (including the Central and Southern Districts of Illinois): *N/A*

    A.    Name of case and docket number: *N/A*

    B.    Approximate date of filing lawsuit: *N/A*

    C.    List all plaintiffs (if you had co-plaintiffs), including any aliases: *N/A*

    D.    List all defendants: *N/A*

    E.    Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): *N/A*

    F.    Name of judge to whom case was assigned: *N/A*

    G.    Basic claim made: *N/A*

    H.    Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): *N/A*

    H.    Approximate date of disposition: *N/A*

IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.

V.     Statement of Claim:

State here as briefly as possible the facts of your case. Describe precisely how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

GROUND ONE: PLAINTIFF BRING'S THIS ACTION AGAINST THE DIRECTOR (DONALD SNYDER)

AS THE AUTHORITY FIGURE HOLDING THE PLAINTIFF. PLAINTIFF WAS SENTENCED

TO A TERM OF TWENTY YEARS DAY FOR DAY WHICH HOLDS A REQUIRMENT OF

A TEN YEAR TERM. THE TRIAL COURT DID NOT IMPOSE A M.S.R. TERM

AND CERTAINLY THE PLAINTIFF SHOULD NOT BE REQUIRED TO SERVE AN

ADDITIONAL THREE YEAR M.S.R. TERM AFTER HE HAS SERVED THE JUDI-

CIALY IMPOSED SENTENCE. TO REQUIRE PLAINTIFF TO SERVE TEN YEARS

IN THE D.O.C. THEN SERVE A THREE YEAR TERM WOULD BE AN ENHANCEMENT

OF THREE YEARS BY A NON-JUDICIAL ADMINISTRATIVE BODY [ie illinois

department of corrections]. (SEE EXHIBIT A-B-C)

GROUND TWO: PLAINTIFF WAS CONVICTED IN A BENCH TRIAL BEFORE THE HONORABLE

RONALD HIMEL AND SENTENCED TO A TERM OF TWENTY YEARS FOR FIRST

DEGREE MURDER ON MARCH 23,1994. A POST-CONVICTION WAS FILED IN

JULY OF 1994 WITH A SWORN AFFIDAVIT BY THE STATES WITNESS. THE

TRIAL COURT GRANTED A HEARING TO DETERMINE IF THE PLAINTIFF WAS

PROPERLY CONVICTED OF MURDER. UPON THE CONCLUSION OF THE HEARING

THE TRIAL COURT GRANTED A NEW TRIAL FINDING THAT HIS RULING WAS

ERRONEOUS DUE TO OMITTED MATERIAL TESTIMONY AT TRIAL,STATING: IN

PERTANT PART,[BASED UPON WHAT I SEE HAPPENING IS THIS IS ONE OF

THOSE INSTANCES WHERE I THINK AN INDIVIDUAL IS LANGUISHING IN

THE PENITENTIARY]. THE TRIAL COURT MADE A LEGAL DECISION AFTER
LOOKING AT ALL THE FACT'S AND WIEGHING THE WITNESSES POST-TRIAL
TESTIMONY, STATING: [THAT IS CONSISTANT WITH THE TOTALITY OF THE
CIRCUMSTANCES INVOLVING THIS CASE]. WHERE THE ISSUE BEFORE THE
COURT WAS GUILTY OR INNOCENCE IN RELATION TO WHETHER OR NOT
MALCOLM STEELE (STATES WITNESS) CAUSED THE VICTIM'S DEATH BY
PULLING DOWN THE PLAINTIFF'S ARM WHILE HE WAS SHOOTING IN CEL-
EBRATION OF THE NEW YEAR. THE TRIAL COURT FOUND THIS TESTIMONY
CREDIBLE  AFTER MAKING A CREDIBILITY DETERMINATION. THE STATES
ATTORNEY'S OFFICE IS DIRECTLY INVOLVED DUE TO MALICIOUS PROSEC-
UTION. I TOLD THE STATES ATTORNEY AT THE POLICE STATION THAT
THIS WAS AN ACCIDENT. AND EVERY WITNESS SAID IT WAS ALSO. EVERY
WITNESS AT TRIAL TESTIFIED THIS WAS AN ACCIDENT AND ON POST-
CONVICTION REVIEW THE JUDGE STATED ON THE RECORD THAT THE REASON
HE CONVICTED ME WAS BECAUSE HE[THOUGHT] I LIED AND THAT HE HAD
MADE A MISTAKE IN CONVICTING ME OF FIRST DEGREE MURDER.see p.c.
hearing may 13,1996. THE STATE'S ATTORNEY'S OFFICE ALSO WITH-HELD
INFORMATION OF WITNESSES THAT MADE MATERIAL STATEMENTS TO OBTAIN
AN INDICTMENT THEN CHANGED WITNESSES FOR THE PUROSE OF TRIAL BE-
CAUSE THE GRAND JURY WITNESSES LIED AND WAS NOT AT THE SCENE WHEN
THE INCIDENT OCCURED. THE JUDGE CALLED INTO QUESTION WHETHER OR
NOT I WAS PROPERLY CONVICTED OF MURDER. THE JUDGE FOUND THAT I WAS
NOT GUILTY OF MURDER STATING: "THIS SEEMS TO BE A CASE OF RECKLESS
AS OPPOSED TO MUDER". p.c.hearing dec.11,1995. THE TRIAL COURTS

DECISION TO GRANT A NEW TRIAL BECAUSE THERE WAS NOT ENOUGH EVIDENCE TO CON-
VICT OF FIRST DEGREE MURDER FAR OUT-WEIGH'S A SUCESSOR JUDGE'S DECISION TO
DENY THE PETITION ON AN INEFFECTIVE ASSISTANCE OF COUNSEL ISSUE.

THE FACT REMAINS,THAT THE COURT ADMITTED THAT A MISTAKE HAD BEEN MADE BE-
CAUSE HE [THOUGHT] I LIED TO HIM. HOWEVER, AT THE CONCLUSION OF THE HEARING
HE FOUND THE EVIDENCE TO BE CREDIBLE.

THE CONCLUSION OF THE WHOLE MATTER IS THAT THIS PLAINTIFF IS NOT PROVEN
GUILTY BEYOND A REASONABLE DOUBT AND IS BEING HELD ILLIGALY ON A BOGUS
CHARGE DUE TO THE FACT THAT HAD I INTENDED TO KILL THE VICTIM I WOULD HAVE
LEFT HIM LAY IN THE STREET AND NOT TOOK HIM TO THE HOSPITAL.

THIS COURT MAY TAKE JUDICIAL NOTICE THAT THIS CASE,WITH PROOF OF THE ABOVE
CLAIM'S WILL BE FORWARDED TO THE INTER-NET WEB SITE OF ALL NEWS MEDIA BE-
CAUSE OF THE SERIOUSNESS OF IT'S NATURE.

NO DEFENDANT IN THIS STATE SHOULD BE FOUND GUILTY OF A CAPITAL OFFENCE, THEN
IT COMES OUT THAT IT WAS A MISTAKE SO THE CONVICTION IS VACATED BUT THE
STATE ELECT'S TO PLACE THE DEFENDANT BACK INTO CUSTODY FOR THE SAKE OF IMBAR
ASSMENT. THEREFORE, SINCE THE COURT'S HAVE HAD AMPLE OPPORTUNITY TO MAKE THE
CORRECT DECISION, AND DID NOT, THE PLAINTIFF BRINGS THIS ACTION AGAINST THE
STATE'S ATTORNEY'S OFFICE AND TO THE ATTENTION TO EVERY NEWS MEDIA WEB-SITE
TO ASSURE THAT THIS CASE IS NO LONGER IGNORED UNJUSTLY.

VI.   **Relief:**

State briefly exactly what you want the court to do for you.  Make no legal arguments. Cite no cases or statutes.

THE PLAINTIFF ASK'S FOR IMMEDIATE RELEASE AND $4.5000.000 IN

DAMAGES DUE TO,MALICIOUS PROSECUTION, PUNITIVE DAMAGES, LOSS OF

IMPLOYMENT, AND MENTAL ANGUISH,AS I WAS PLACED ON PROZAC AT THIS

FACILITY IN 1995.

I declare under penalty of perjury that all facts given in the complaint are true and correct.

Signed this _18 th_ day of _JANUARY_ , 19 _2002_

_Shawn Edwards_
(Signature of plaintiff or plaintiffs)

_B54402_
(I.D. Number)

2600 N. BRINTON,AVE.

DIXON,IL. 61021

p.o. box 1200

(Address)

EXHIBIT'S A-C
[RE: M.S.R.]

*Exhibit (A)*

THE COURT:  I have one suggestion for you.  All the years I have been in this building and all the things that coincide and all the things that I have suggested to someone, I suggest your next step is for someone to contact Reverend Baily.

Does anyone know who I'm talking about?  I certainly will put you in the right direction to talk to Reverend Baily.  If there's anything -- of course, I go over this with your attorney.  I think they have done a marvelous job.  So I would suggest that with the help of Reverend Baily, we might look into many of the options that are available based upon the fact that everybody is looking for alternative sentences, if they are an available.

And certainly based upon the letters and certainly the concern, I have to make a determination what is best for the community.  This case no one is ever going to be happy about the outcome of this case.  The facts in this case are so sad to the family and the victim.  They are so sad to your family that there's not a right answer.

I'm having some success in this area.  Judge Strayhorn had Reverend Baily probation challenge, a lot of good success stories.  Here is a young man who

19

1    probably based upon his background and based upon the

2    interest that I'm seeing here -- and we need so many of

3    the leaders or the future leaders of our community are

4    in the penitentiary.  So many of the future leaders are

5    in the wrong place.  So many guns on the street.  So

6    many reasons why this happened.  So many reasons why we

7    have to stop this kind of conduct.  You can't fire guns

8    in the City of Chicago and not expect great

9    consequences.

10           Anything that I can do or help you based upon

11   those letters, whatever you need, don't hesitate to

12   call me.  If I can do it, I will.

13           The right sentence in this case is not the

14   sentence that I'm about to impose.  The only sentence

15   that I know that I'm required to impose because of the

16   law, it is the minimum sentence required by law.

17           Based upon everything I have heard in

18   aggravation, and based upon the facts I heard in

19   aggravation, based upon the facts in the case, based

20   upon all the mitigation, based upon the extreme faith I

21   place in the eloquence of your mom, your own eloquence,

22   young man, the eloquence of your attorney, the only

23   sentence that I can sentence is 20 years Illinois

24   Department of Corrections.

1          Judgment on my finding.

2          You certainly are entitled to all time credit

3  for all time spend in custody while awaiting trial.

4          You certainly have a right to appeal the

5  sentence and judgment.  You have 30 days from today's

6  date to file with this court a notice of appeal and

7  petition for stenographic transcript of these

8  proceedings.

9          Good luck to you, young man.  God bless you

10  and good luck.

11     MR. SOLOCK:  I'm prepared to file a notice of

12  appeal today, and I ask the State Appellate Defender be

13  appointed.

14     THE COURT:  State Appellate Defender's office is

15  appointed to write the appeal.

16          I think most of the work has been done by the

17  cases cited on the defense side in this case.  I'm

18  sorry that -- let me say that I appreciate the job done

19  by the Defense side, and sometimes when you feel so

20  strongly because you knew many things I didn't and I

21  was not privy to.

22          Certainly you knew the family, certainly you

23  knew everything, and I certainly do appreciate how hard

24  fought this case was, and I know now how incredible the

1   decision must appear when you work so hard.

2            Thank you.

3

4                 (Which were all the proceedings had.)

Exhibit (B)



**Illinois**
Department of
**Corrections**

**George H. Ryan**
Governor

**Donald N. Snyder Jr.**
Director

Dixon Correctional Center / 2600 N. Brinton Avenue / Dixon, IL 61021 / Telephone: (815) 288-5561 / TDD: (800) 526-0844

## *M E M O R A N D U M*

DATE:     12-31-01

TO:     Shawn Edwards, B54402
        29-33

FROM:     Lorie Kennay, Office Administrator IV
          Record Office

SUBJECT:     MSR Term

As you are aware, you were released from IDOC custody on 1-12-86 on Bond and did not return to custody until 11-18-97. Since your sentence was not reduced or overturned, the 1 year 10 months and 12 days that you were in the free community is added to you sentence. You have not been in <u>continuous</u> custody since 1-1-93, which is your original custody date ordered on March 23, 1994.

On the current release date of 8-7-2004, you will be required to do a complete 3-year MSR term per statute 730ILCS5/5-8-1(d).

I trust this addresses your concerns.

/master file

(processing)



*Ex Exhibit C*

**George H. Ryan**
Governor

# Illinois
## Department of
# Corrections

*02-01-33*

**Donald N. Snyder Jr.**
Director

Dixon Correctional Center / 2600 N. Brinton Ave. P.O. Box 1200 / Dixon, IL 61021 / Telephone: (815) 288-5561 / TDD: (800) 526-084

DATE: _____ *1-5-02* _____

TO:  NAME  *EDWARDS*  IDOC# *B54402*

HOUSING UNIT  *29-33*

FROM:  Doug Hoyle, Grievance Officer

NATURE OF GRIEVANCE  *Sentence Calculation*

Your Grievance is being returned due to the following reason(s):

_____ MGT/SMGT is an Administrative decision; therefore this issue will not be addressed further

_____ Use proper Committed Persons Grievance Report form (DOC 0046)

_____ Contact your assigned counselor

_____ Issue too vague; submit additional and specific information

_____ Correspondence/Request misdirected

_____ Unable to determine nature of grievance

_____ Nature of grievance and relief requested are two seperate issues; clarify and resubmit

_____ Not submitted in a timely manner; issue is over two months old

_____ Issue previously grieved

_____ Inmates may not submit grievances for other inmates; only personal relief may be requested

_____ Requests for restoration of GCC should be forwarded to the Adjustment Committee; if denied utilize the grievance process to appeal

_____ Illegible; resubmit legible copy for consideration

_____ Address concerns to the Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, Illinois 62701

_____ Contact the Record Office with your request and/or additional information

__X__ This issue is outside the jurisdiction of Dixon Correctional Center *(Sentence of the court )*

_____ Forward directly to the Administrative Review Board

_____ Need to appear before the Adjustment/Program Committee prior to review

_____ No justification for further consideration

__X__ Comments *There is no credit for time served while out on Bond.*

_____

_____

_____

Doug Hoyle, Grievance Officer

cc: file

EXHIBIT'S A-13/A-6

[TRIAL COURT FINDING]
[AFFIDAVIT OF STATES WITNESS]

ORDER                                                                    CCG-2

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS  FILED

DEC 1 1 1995

AURELIA PUCINSKI
CLERK OF THE CIRCUIT COURT
CRIMINAL DIVISION

PEOPLE

v.

SHAWN EDWARDS                    NO. 93-02364

ORDER

THIS CASE COMING TO BE HEARD ON PETITIONER'S POST CONVICTION PETITION, THIS COURT HAVING REVIEWED ALL WRITTEN MATERIALS SUBMITTED INCLUDING A RECANTATION AFFIDAVIT OF A KEY STATE WITNESS, HAVING JURISDICTION, AND BEING FULLY ADVISED IN THE PREMISES,

IT IS HEREBY ORDERED THAT:

1) THE POST CONVICTION PETITION IS GRANTED;

2) DEFENDANT'S CONVICTION AND SENTENCE IS VACATED;

3) DEFENDANT IS GRANTED A NEW TRIAL;

4) THE STATE SHALL WRIT IN DEFENDANT ON 12/26/95 FOR FURTHER PROCEEDINGS.

Atty No. 30295
Name: ASA APPY Cook Co. Pub Def. for Tom Cosgrove   ATY Harold J. Victor,
Attorney for Shawn Edwards
Address 2240 W Ogden Suite 1
City Chicago IL 60612
Telephone (312) 738-5313

12-11-96

ENTER:

Judge

Judge's No. 280

A-13

AURELIA PUCINSKI. CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

*would Have changed outcome*

1    and based upon the physical facts in this case.

2    However, the new affidavit by the State's witness

3    recanting his trial testimony.  I'm telling you

4    that's sufficient for me in my mind to grant the PC

5    and to order a new trial.

6         MR. STEWART:  If I may say one other thing,

7    Judge.  Judge, could you get the transcript and--

8         THE COURT: Why would you want to do that?

9    Aren't you interested in justice?

10        MR. STEWART:  Yes, sir, I am.

11        THE COURT: Do you have the affidavit?  Do you

12   have an affidavit from Mr. Steele, the State's

13   Witness?   What is the State's interest in this

14   matter?

15        MR. STEWART:  The State's interest in this

16   matter is to see that justice is done.

17        THE COURT: Why would we do anything else based

18   upon the information that I have other than to grant

19   a new trial.  That's what I'm going to do and I want

20   to do this as soon as possible, like the end of this

21   week.

22        MR. WINSTON:  Can we ask the State to writ him

23   in.

24        THE COURT: Ten days from today would be

STATE OF ILLINOIS
COUNTY OF COOK }SS:

Exhibit A

# O F F I C I A L   A F F I D A V I T

THE UNDERSIGNED, BEING DULY SWORN, DEPOSES AND STATES THAT;
THE FOLLOWING STATEMENT GIVEN, IS DONE OF MY OWN FREE WILL.
IT IS NOT THE RESULT OF ANY THREAT TO MY PHYSICAL PERSON, NOR
WAS I OFFERED ANY MONEY IN THE FORM OF A BRIBE.

I MALCOLM STEELE; DO DECLARE THAT

① THAT ON JANUARY 1, 1993, I DID INSTIGATE THE ACT THAT CAUSED THE DEATH OF MR. CLINTON PARKER, BY PULLING DOWN THE ARM OF MR SHAWN EDWARDS; WHILE HE WAS IN THE ACT OF DISCHARGING A 357. CALIBER PISTOL IN CELEBRATION OF THE NEW YEAR.

② MR. SHAWN EDWARDS WAS VERY DRUNK, AND BECAUSE WE WERE AT THE HOME OF MY FIANCEES MOTHER, I TRIED TO TAKE THE GUN AWAY FROM SHAWN.

③ THERE WAS NEVER ANY ARGUMENT. IN FACT EVERYONE WAS DRUNK AND HAVING FUN.

④ ON OR ABOUT OCT. 15 1993 THE STATES ATTORNEY CALLED ME TO THEIR OFFICE TO COERCE AND THREATEN ME INTO CHANGING MY STORY, TO SAY THAT THERE WAS AN ARGUMENT I WAS TAKE TO THE 14TH FLOOR AT 2650

SO CALIFORNIA, AND THREATENED BY A MR.
BURNS OF THE GANG CRIMES UNIT; AND AN
INVESTIGATOR WAS PRESENT.

(5) MYSELF AND SHAWN EDWARDS TOOK RICKY
(MR. PARKER) TO THE EMERGENCY ROOM TO HELP
HIM; AND WAITED AS THE DOCTORS WORKED
ON HIM. THAT IS WHEN THE POLICE CAME AND
ARRESTED SHAWN. HE WAS DRUNK; AND HAD
PASSED OUT IN THE CAR.

(6) SHAWN WAS SHOOTING OFF THE GUN AT THE
LIQUOR STORE AND WE BOTH THOUGHT THE
GUN WAS EMPTY!

I DECLARE UNDER PENALTY OF PERJURY, THAT THIS AFFIDAVIT IS TRUE
AND CORRECT IN SUBSTANCE AND IN FACT.

_Malcolm Steele_
AFFIANT

DATE: _11-1-93_

Subscribed And Sworn Before Me

This _1_ Day Of _N.V_ 1993

_Coreen C. Jones_
NOTARY PUBLIC

OFFICIAL SEAL

PROOF OF SERVICE

STATE OF Illinois )
COUNTY OF LEE )

PLEASE TAKE NOTICE THAT SHAWN EDWARDS FORWARDED TO
The UNITED STATES DISTRICT COURT FOR The NORThern DISTRICT
OF Illinois COPIES OF his COMPLAINT UNDER The CIVIL RIGHTS
ACT TITLE 42 SECTION 1983 U.S. CODE by PLACING IN The DIXON
CORRECTIONAL FACILITY'S INSTITUTIONAL MAIL.

UNITED STATES COURT house
219 S. DEARBORN, ST.
CHICAGO, IL. 60604

Shawn Edwards

SUbSCRIBED and Sworn
before me This 18th
DAY OF January - 2002
Sally A Joos, Notary Public

JAmes E. RyAn
ATTOrNey GeNERAl
100 W. RANdolPh, ST.
12th FlR.
CHICAGO, Il.606001

"OFFICIAL SEAL"
Sally A. Joos
Notary Public, State of Illinois
My Commission Exp. 07/12/2004